IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| HAMBRICK RD PARTNERS LLC, *doing business as* Clifton Glen Apartments,<br><br>    Plaintiff,<br><br>    v.<br><br>DELECIA SLATON *and all others*,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:14-CV-1403-TWT |

### ORDER, FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The above-styled case is a dispossessory action originally filed in the Magistrate Court of DeKalb County by Hambrick Rd Partners LLC doing business as Clifton Glen Apartments ("Respondent"). The state magistrate court dispossessory action seeks to evict Petitioner Delecia Slaton ("Petitioner") from the premises located at 588 North Lands End 5, Stone Mountain, Georgia, 30083, for nonpayment of rent. [Doc. 1 at 7]. Petitioner, proceeding pro se, is seeking to remove this state case to federal court. This matter is presently before the Court on Petitioner's application to proceed in forma pauperis. [Doc. 2].

Petitioner's affidavit of indigency states that she earned an average monthly income of $2,166.00 during the past twelve (12) months. [Doc. 2 at 1-2]. Petitioner reports that she has worked at Everhart Lawn in Decatur, Georgia since 2002. [Id. at 2]. Petitioner

also reports that she has $1,441.00 in monthly expenses and owns a car worth $2,500.00. [Id. at 3, 5]. The affidavit states that Petitioner has $20.00 in cash and no money in a checking account. [Id. at 2]. Finally, Petitioner reports that she cares for three children under age twelve, she recently lost her second job, and she has been diagnosed with cancer. [Id. at 5].

After consideration by the Court of Plaintiff's affidavit of indigency, her request to proceed in forma pauperis is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). Service **SHALL NOT, HOWEVER, ISSUE** at this time. Because the Court does not have original jurisdiction over the claims made in state court that Petitioner seeks to remove, the undersigned **RECOMMENDS** that this action be **DISMISSED** and **REMANDED** to the Magistrate Court of DeKalb County pursuant to 28 U.S.C. § 1447(c).

## I.
## Discussion

### A. Basics of Removal Jurisdiction

Twenty-eight U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before

2

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. § 1447(c). Therefore, this Court has the power and obligation to inquire, sua sponte, into the possibility that jurisdiction may be lacking. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005)(citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)).

In removal cases, the party seeking removal has the burden to demonstrate that federal jurisdiction exists, Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001), and "uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "A defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally." Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 711-12 (11th Cir. 1997) (citing 28 U.S.C. § 1441). A case may be brought originally in federal district court only if there is diversity jurisdiction or federal question jurisdiction. See 28 U.S.C. §§ 1331, 1332.

**B. Federal Question Jurisdiction**

Federal question jurisdiction exists if the case arises under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question

3

jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc . v. Williams, 482 U.S. 386, 392 (1987)(citations omitted).[1] Thus, in determining whether federal question jurisdiction is present, potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Likewise, "a counterclaim ... [may not] serve as the basis for 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). "The well-pleaded complaint rule

---

[1]    Under rare circumstances, the complete preemption doctrine provides an "independent corollary" to the well-pleaded complaint rule for determining whether a federal court has subject matter jurisdiction. See Caterpillar, Inc., 482 U.S. at 393. Where "the pre-emptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,'" such a claim "arises under" federal law and thus provides the court with subject matter jurisdiction. Id. (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). The Supreme Court, however, has only recognized complete preemption of state law claims under three federal laws: 1) the Labor Management Relations Act, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 558 (1968); 2) the Employee Retirement Income Security Act, Metro. Life Ins. Co. at 65-66; and 3) the National Bank Act, Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 7-11 (2003). In this case, it appears that no claim has been made under any of these three federal laws. Therefore, the complete preemption exception to the well-pleaded complaint rule is not applicable.

4

applies to the original jurisdiction of the district courts as well as to their removal jurisdiction." <u>Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.</u>, 463 U.S. 1, 10-11 (1983).

Here, Petitioner asserts, as the basis for subject matter jurisdiction, that the U.S. Government is both a plaintiff and a defendant in this case. [Doc. 1-1 at 1]. But, the U.S. Government is not in fact a party to this case, so no jurisdiction arises on this basis. Petitioner's "Petition Notice for Removal of Action," suggests, however, that Petitioner asserts jurisdiction based on the existence of a federal question. <u>See</u> [Doc. 1]. But, from a review of the Dispossessory Proceeding form attached to the petition, it appears that the Plaintiff-Respondent relied exclusively on state law in filing the action in the DeKalb County Magistrate Court seeking to dispossess her. <u>See</u> [Doc. 1 at 7]. Petitioner alleges that Respondent violated "15 USC 1692, Rule 60 of the Federal Rule of Civil Procedure: [sic] and having a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6." [Doc. 1 at 2]. Additionally, Petitioner alleges that the Magistrate Court of DeKalb County violated the "14th Amendment of the U.S. Constitution with respect to Due Process of Law." [<u>Id.</u>].

Foreclosure and dispossessory proceedings are typically matters of state law, and Petitioner has not alleged, nor does the DeKalb

5

County document show, that the Plaintiff-Respondent relied upon any federal statute in that proceeding. Although Petitioner alleges violations of the United States Constitution, [id.], a case may not be removed to federal court on the basis of a federal defense, see Caterpillar, 482 U.S. at 393, or on the basis of a federal counterclaim, see Vornado, 535 U.S. at 831.[2]

Thus, absent a federal question presented on the face of Respondent's well-pleaded complaint, Petitioner cannot properly remove the action on the basis of federal question jurisdiction. Caterpillar, 482 U.S. at 393, 107 S. Ct. at 2430; see also Wachovia Mortg. Assoc. v. Lee, No. 1:11-CV-304-TWT-RGV, 2011 WL 976629 (N.D. Ga. Feb. 4, 2011) (remanding dispossessory action to state court for lack of subject matter jurisdiction); Bank of N.Y. v. Wilson, No. 1:08-CV-332-TWT, 2008 WL 544741 (N.D. Ga. Feb. 25, 2008) (same); HSBC Mortg. Servs., Inc. v. Cunningham, No. 1:07-CV-2480-WSD-JFK, 2007 WL 3005337 (N.D. Ga. Oct. 12, 2007) (same).

## C. Diversity Jurisdiction

Likewise, there is no basis for diversity jurisdiction. Diversity of citizenship exists between parties who are citizens of different states. 28 U.S.C. § 1332(a). Petitioner alleges on the civil cover sheet that she is a citizen of Georgia and that

---

[2]   Additionally, Rule 60 of the Federal Rules of Civil Procedure does not provide any civil rights of private action.

Plaintiff-Respondent is a citizen of Georgia. [Doc. 1-1 at 1]. Petitioner has, therefore, failed to carry her burden of at least alleging diversity of citizenship as a basis for her removal petition.

Moreover, even if the parties were diverse, Plaintiff-Respondents' state claim "is nothing more than a request for possession of real property belonging to it and a prayer for a small amount of rent and costs well below the $75,000 threshold" required under 28 U.S.C. § 1332. Wesley Apartment Homes, Inc. v. Andrews, No. 1:10-CV-3005-TWT-LTW, 2010 WL 5690356 at *2 (N.D. Ga. Dec. 7, 2010); see [Doc. 1 at 7]. Accordingly, Petitioner may not remove this case from state court based on diversity jurisdiction.

## II.
### Conclusion

For the reasons discussed above, the undersigned finds that this Court lacks subject matter jurisdiction. Accordingly, **IT IS RECOMMENDED** that the Clerk be **DIRECTED** to **REMAND** this action to the Magistrate Court of DeKalb County. Petitioner's request to proceed in forma pauperis is **GRANTED** for the purpose of remand only.

**SO ORDERED, REPORTED AND RECOMMENDED**, this 19th day of May, 2014.

/s/ E. Clayton Scofield III
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

7